**REVISED DECEMBER 22, 2015**

# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-50369
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

December 21, 2015

Lyle W. Cayce
Clerk

EMILY MARY HU,

> Plaintiff - Appellant

v.

MAKOTO HANEDA; MASAE HANEDA; TOKUSANDOTCOM,

> Defendants - Appellees

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:13-CV-798

Before DAVIS, JONES, and HAYNES, Circuit Judges.

PER CURIAM:*

This appeal concerns alleged contracts for the sale of handbags and accessories between plaintiff-appellant Mary Hu and the Japanese defendant-appellees. Hu's complaint alleges that the defendants breached these contracts by failing to pay for goods that she shipped to them. In support of these

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-50369

allegations, Hu attached two documents to her complaint: (1) a table that she prepared containing the defendants' payment history and a calculation of late fees, and (2) an unauthenticated e-mail from defendant Makoto Haneda acknowledging an "unpaid debt." Haneda filed a *pro se* motion to dismiss Hu's complaint, alleging that the parties settled these claims, and he attached the purported settlement agreement in support of his motion.

After considering the submissions, the magistrate judge recommended that if the district court treats Haneda's motion as a motion for judgment on the pleadings, Hu's complaint should be dismissed because: (1) it did not include a particularized statement of facts to support her contention that she entered into a contract with all three defendants, and (2) it did not allege that any contractual terms were reduced to writing, nor did Hu attach any writing, which is required by Texas' statute of frauds for contracts for the sale of goods over $500. Alternatively, the magistrate judge recommended that if the district court considers evidence outside the pleadings and treats the defendant's motion as a motion for summary judgment, the motion should be granted because Hu had not produced any evidence of a contract that was reduced to writing. After the magistrate judge issued her report and recommendations to the district court, but before the district court ruled, Hu moved to amend her complaint in response to the magistrate judge's report. She attached the amended complaint and an "affidavit" with fourteen exhibits (largely e-mail correspondence between Hu and the defendants) to her motion. The district court later adopted the magistrate judge's report, granted the defendant's motion to dismiss, and denied all other pending motions as moot. Hu appealed.

On appeal, Hu contends that: (1) the district court erred in granting Haneda's motion to dismiss because Haneda admitted the existence of a contract in the pleadings thus taking the contract outside of the statute of

frauds under Texas law, and (2) that the district court abused its discretion in not permitting her to amend her complaint because an amendment would not cause undue delay.[1]

After a careful review of the briefing and the record, we find no reversible error of law or fact. We agree with the district court and magistrate judge that Haneda's admission in an e-mail that he owed Hu an "unpaid debt" does not constitute an admission of the existence of a contract, sufficient to fall within an exception to the writing requirement of Texas' statute of frauds. *See* TEX. BUS. & COM. CODE § 2.201(c)(2) (Vernon 2009) (noting that a contract not meeting the requirements of the statute of frauds is enforceable against a party who admits "in his pleading, testimony or otherwise in court that *a contract for sale was made*" (emphasis added)). Additionally, the district court did not abuse its discretion in denying Hu's motion to amend her complaint because, even accepting the amended complaint and attached exhibits as true, they are still insufficient to demonstrate the existence and minimum required terms of a written contract. *Id.* § 2.201(a) ("a contract for the sale of goods for the price of $500 or more is not enforceable by way of action or defense unless there is some writing sufficient to indicate that a contract for sale has been made between the parties and signed by the party against whom enforcement is sought"); *see, e.g, Westlake Petrochemicals, L.L.C. v United Polychem, Inc.*, 688 F.3d 232, 241 (5th Cir. 2012) (holding that the contract at issue satisfied

---

[1] Hu also contends that the district court erred by purportedly granting Haneda's motion for summary judgment. Though the magistrate judge's report recommended, in the alternative, that if the district court were to consider evidence outside the pleadings it should treat Haneda's motion to dismiss as a motion for summary judgment and grant it, a close review of the district court's order indicates that the court treated Haneda's motion as a motion to dismiss for failure to state a claim, not a motion for summary judgment. Accordingly, we do not consider this argument on appeal.

No. 15-50369

the statute of frauds because it identified the quantity term, price, product, and delivery terms).   Accordingly, we AFFIRM the district court's order.